LENARD E. SCHWARTZER
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: trustee@s-mlaw.com
*Chapter 7 Trustee*

LENARD E. SCHWARTZER, ESQ.
Nevada Bar No. 0399
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada 89146
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: usdcfilings@s-mlaw.com
*Attorneys for William & Dawn Zeigler*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>LISA MARIE CHONG,<br>　　　　　　Debtor. | Bankruptcy Case No. BK-S-07-16645-LBR<br>Appellate Ref. No.: 09-00010 |
| MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC.,<br>　　　　　　Appellant,<br>v.<br>LISA MARIE CHONG,<br>　　　　　　Appellee. | Case No. 2:09-cv-0661-KJD-LRL |
| In re:<br>JOSHUA SCOTT MITCHELL and<br>STEPHANIE JIDITH MITCHELL a/k/a<br>STEPHANIE JUDITH CABRAL,<br>　　　　　　Debtors. | Bankruptcy Case No. BK-S-07-16226-LBR<br>Appellate Ref. No.: 09-00018 |
| MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC.,<br>　　　　　　Appellant,<br>v.<br>JOSHUA SCOTT MITCHELL and<br>STEPHANIE JIDITH MITCHELL a/k/a<br>STEPHANIE JUDITH CABRAL,<br>　　　　　　Appellees. | Case No. 2:09-cv-0668-JCM-RJJ |

## APPELLEE WILLIAM & DAWN ZEIGLER
## AND CHAPTER 7 TRUSTEE'S
## OPENING BRIEF

| | |
|---|---|
| In re:<br><br>BARRY ALLEN TRAYNOR and LARALEE M. TRAYNOR,<br>                  Debtors.<br><br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,<br>                  Appellant,<br>v.<br>BARRY ALLEN TRAYNOR and LARALEE M. TRAYNOR,<br>                  Appellees. | Bankruptcy Case No. BK-S-07-18851-LBR<br>Appellate Ref. No.: 09-00016<br><br><br>Case No. 2:09-cv-0669-LDG-PAL |
| In re:<br>SHEILA MEDINA a/k/a SHEILA GOGGIN,<br>                  Debtor.<br><br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,<br>                  Appellant,<br>v.<br>SHEILA MEDINA a/k/a SHEILA GOGGIN,<br>                  Appellee | Bankruptcy Case No. BK-S-08-12206-BAM<br>Appellate Ref. No.: 09-00017<br><br><br>Case No. 2:09-cv-0670-KJD-GWF |
| In re:<br>ROBERT THOMAS ATKERSON and DAWN NICOLE ATKERSON,<br>                  Debtor.<br><br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,<br>                  Appellant,<br>v.<br><br>ROBERT THOMAS ATKERSON and DAWN NICOLE ATKERSON,<br>                  Appellee. | Bankruptcy Case No. BK-S-08-11608-BAM<br>Appellate Ref. No.: 09-00011<br><br><br>Case No. 2:09-cv-0673-RCJ-GWF |
| In re:<br>WILLIAM JAY ZEIGLER and DAWN M. ZEIGLER,<br>                  Debtor.<br><br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,<br>                  Appellant,<br>v.<br><br>WILLIAM JAY ZEIGLER and DAWN M. ZEIGLER,<br>                  Appellee. | Bankruptcy Case No. BK-S-08-10718-MKN<br>Appellate Ref. No.: 09-00012<br><br><br>Case No. 2:09-cv-0676-RLH-PAL |

| | |
|---|---|
| In re:<br>PETER C. ALTMANN, JR.,<br>                    Debtor.<br><br><br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC.,<br>                    Appellant,<br>v.<br><br>PETER C. ALTMANN, JR.,<br>                    Appellee. | Bankruptcy Case No. BK-S-08-10108-LBR<br>Appellate Ref. No.: 09-00013<br><br><br>Case No. 2:09-cv-0677-JCM-LRL |
| In re:<br>SURJIT SAMRA,<br>                    Debtor.<br><br><br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC.,<br>                    Appellant,<br>v.<br><br>SURJIT SAMRA,<br>                    Appellee. | Bankruptcy Case No. BK-S-08-17506-MKN<br>Appellate Ref. No.: 09-00019<br><br><br>Case No. 2:09-cv-0683-RLH-RJJ |
| In re:<br>JOSE ANG AND DIVINA ANG,<br>                    Debtor.<br><br><br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC.,<br>                    Appellant,<br>v.<br><br>JOSE ANG AND DIVINA ANG,<br>                    Appellee. | Bankruptcy Case No. BK-S-08-11860-LBR<br>Appellate Ref. No.: 09-00021<br><br><br>Case No. 2:09-cv-0684-LDG-GWF |
| In re:<br>GUILLERMINA CORTES,<br>                    Debtor.<br><br><br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC.,<br>                    Appellant,<br>v.<br><br>GUILLERMINA CORTES,<br>                    Appellee. | Bankruptcy Case No. BK-S-08-17344-MKN<br>Appellate Ref. No.: 09-00022<br><br><br>Case No. 2:09-cv-0685-KJD-RJJ |

| | |
|---|---|
| In re:<br>ELDRIDGE JOSEPH DUFAUCHARD,<br>　　　　　　　　Debtor.<br><br><br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC.,<br>　　　　　　　　Appellant,<br><br>v.<br><br><br>ELDRIDGE JOSEPH DUFAUCHARD,<br>　　　　　　　　Appellee. | Bankruptcy Case No. BK-S-07-16519-MKN<br>Appellate Ref. No.: 09-00007<br><br><br>Case No. 2:09-cv-0691-JCM-LRL |
| In re:<br>MICHELE DART,<br>　　　　　　　　Debtor.<br><br><br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC.,<br>　　　　　　　　Appellant,<br><br>v.<br><br><br>MICHELE DART,<br>　　　　　　　　Appellee. | Bankruptcy Case No. BK-S-08-11007-LBR<br>Appellate Ref. No.: 09-0006<br><br><br>Case No. 2:09-cv-00873-KJD-GWF |
| In re:<br>ADAM J. BREEDEN,<br>　　　　　　　　Debtor.<br><br><br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC.,<br>　　　　　　　　Appellant,<br><br>v.<br><br><br>ADAM J. BREEDEN,<br>　　　　　　　　Appellee. | Bankruptcy Case No. BK-S-07-17577-LBR<br>Appellate Ref. No.: 09-0008<br><br><br>Case No. 2:09-cv-00874-LDG-LRL |
| In re:<br>JEFFREY PILATICH,<br>　　　　　　　　Debtor.<br><br><br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC.,<br>　　　　　　　　Appellant,<br><br>v.<br><br><br>JEFFREY PILATICH,<br>　　　　　　　　Appellee. | Bankruptcy Case No. BK-S-07-17182-MKN<br>Appellate Ref. No.: 09-00023<br><br><br>Case No. 2:09-cv-00888-KJD-GWF |

| | |
|---|---|
| In re:<br>KATHLEEN O'DELL,<br>    Debtor. | Bankruptcy Case No. BK-S-08-16913-MKN<br>Appellate Ref. No.: 09-0020 |
| MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC.,<br>    Appellant,<br>v.<br>KATHLEEN O'DELL,<br>    Appellee. | Case No. 2:09-cv-00889-KJD-PAL |
| In re:<br>ROBERT A. BEALER and CASSANDRA N.<br>BEALER,<br>    Debtor. | Bankruptcy Case No. BK-S-08-10052-MKN<br>Appellate Ref. No.: 09-00015 |
| MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC.,<br>    Appellant,<br>v.<br>ROBERT A. BEALER and CASSANDRA N.<br>BEALER,<br>    Appellee. | Case No. 2:09-cv-0890-PMP-PAL |
| In re:<br>DEAN MAURER<br>    Debtor. | Bankruptcy Case No. BK-S-06-12287-BAM<br>Appellate Ref. No.: 09-00014 |
| MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC.,<br>    Appellant,<br>v.<br>DEAN MAURER,<br>    Appellee. | Case No. 2:09-cv-00891-JCM-GWF |
| In re:<br>LONNIE EARL HAWKINS AND LISA<br>WILLETT HAWKINS,<br>    Debtors. | Bankruptcy Case No. BK-S-07-13593-LBR<br>Appellate Ref. No.: 09-0009 |
| MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC.,<br>    Appellant,<br>v.<br>LONNIE EARL HAWKINS AND LISA<br>WILLETT HAWKINS,<br>    Appellees. | Case No. 2:09-cv-00892-KJD-GWF |

## *TABLE OF CONTENTS*

*I.*      *TABLE OF CONTENTS* _____ *i*

*II.*     *TABLE OF AUTHORITIES* _____ *ii*

*III.*    *STATEMENT OF THE ISSUES PRESENTED* _____ *1*

*IV.*     *SUMMARY OF ARGUMENT* _____ *2*

*V.*      *FACTUAL BACKGROUND* _____ *5*

*VI.*     *ARGUMENT* _____ *13*

**A.  BANKRUPTCY RULES REQUIRE A MOTION FOR RELIEF FROM STAY TO BE FILED BY A "REAL PARTY IN INTEREST" ___ 13**

**B.  MERS LACKED CONSTITUTIONAL AND PRUDENTIAL STANDING TO BRING MOTIONS FOR RELIEF FROM STAY _____ 17**

**C.  WHY THIS CASE IS IMPORTANT. _____ 29**

*VII.  CONCLUSION* _____ *32*

# **TABLE OF AUTHORITIES**

## **CASES**

*Bayless v. Christie, Manson & Woods Intern., Inc.*, 2 F.3d 347, 352 (10th Cir. 1993)----------------------------------------------------------------------------------- 28

*Ernestberg v. Mortgage Investors Group*, 2009 WL 160241, at *5 (D.Nev. January 22, 2009) -------------------------------------------------------------------------------- 25

*Federal Deposit Ins. Corp. v. Glickman*, 450 F.2d 416, 418 (9th Cir. 1971) ------ 28

*Gallinger v. Vaaler Ins., Inc.*, 12 F.3d 127, 129 (8th Cir. 1993) -------------------- 28

*Hamm v. Arrowcreek Homeowners' Ass'n*, 124 Nev. 28, 183 P.3d 895, 902 (Nev. 2008)------------------------------------------------------------------------------------ 27

*In re CMGT, Inc.*, 402 B.R. 262, 276 (Bankr.N.D.Ill. 2009) ------------------------ 28

*In re Comcoach Corp.*, 698 F.2d 571 (2nd Cir. 1983) -------------------------------- 3

*In re Englewood Community Hosp. Corp.*, 117 B.R. 352, 360 (Bankr.N.D.Ill. 1990)------------------------------------------------------------------------------------ 28

*In re Fitch*, 2009 WL 1514501 (Bankr.N.D.Ohio May 28, 2009) -------------------- 3

*In re Foreclosure Cases*, 2007 WL 3232430 (N.D.Ohio Oct.31, 2007) -------- 3, 25

*In re Golden Plan of California, Inc.*, 25 B.R. 183, 185 (Bankr.E.D.Cal. 1982) -- 16

*In re Hill*, 2009 WL 1956174 (Bankr.D.Ariz. July 6, 2009)------------------ 3, 15, 20

*In re Hwang*, 396 B.R. 757 (Bankr.C.D.Cal. 2008) -------------------------- 3, 15, 16

*In re Jacobson*, 402 B.R. 359 (Bankr.D.Ore. 2009) -------------------------- 3, 15, 16

*In re Jacobson*, 402 B.R. 359 (Bankr.W.D.Wash. 2009) ----------------------------- 19

*In re Sheridan*, 2009 WL 631355 (Bankr.D.Idaho March 12, 2009)-------- 3, 15, 19

*In re Vargas*, 396 B.R. 511 (Bankr.C.D.Cal. 2008) --------------------------------3, 15

*In re Wilhelm*, 2009 WL 1988812 (Bankr.D.Idaho July 7, 2009) ----------- 3, 15, 18

*Integrated Consulting Services, Inc. v. LDDS Communications, Inc.*, 996 F.Supp. 470 (D.Md. 1998)------------------------------------------------------------------------ 28

*Itel Containers International Corp. v. Atlanttrafik Express Service Ltd.*, 909 F.2d
698 (2d Cir.1990) ----------------------------------------------------------------- 28

*Karl Rove & Co. v. Thornburgh*, 39 F.3d 1273, 1296 (5th Cir.1994) --------------- 27

*Sphere Drake Ins. Ltd. v. Am. Gen. Life Ins. Co.*, 376 F.3d 664, 672 (7th Cir.2004)
------------------------------------------------------------------------------- 28

*Trump v. Eighth Judicial Dist. Court of State of Nevada*, 109 Nev. 687, 857 P.2d
740, 745 (Nev. 1993) ------------------------------------------------------------ 27

## STATUTES

NRS 104.3301 -------------------------------------------------------------------- 25

## RULES

Bankruptcy Local Rule 4001(a)(3)---------------------------------------- 3, 27, 31

Bankruptcy Rule 4001 ------------------------------------------------------------ 13

Bankruptcy Rule 7017 ------------------------------------------------------------ 14

Bankruptcy Rule 9014 ------------------------------------------------------------ 14

F.R.Civ.P. Rule 17 --------------------------------------------------------------- 14

Fed.R.Civ.P. Rule 17 ------------------------------------------------------------- 15

III.	**STATEMENT OF THE ISSUES PRESENTED**

The issue presented is whether the Bankruptcy Court erred when it held that a motion for relief from stay to allow a residence to be foreclosed upon must be brought by the party that has a financial interest in the note secured by the deed of trust, or an agent for such a party.  Did MERS, by refusing to identify the parties which actually owned the notes fail to prove its standing?

**IV.SUMMARY OF ARGUMENT**

MERS takes the position that it has standing to prosecute motions for relief from the automatic stay seeking permission to foreclose on residences when (a) MERS has no beneficial interest in the note and deed of trust (that is, it is not the party which is to be paid and it is not the party which will actually foreclose on the residences), (b) when MERS refuses to disclose to the Bankruptcy Court the identity of the beneficial owner of the note and deed of trust and (c) after an objection has been raised to MERS's motion that it is not the "real party in interest", MERS fails or refuses to join or obtain ratification from the beneficial owner of the note and deed of trust to the motion. The Bankruptcy Court found that MERS lacked prudential and Constitutional standing and all three bankruptcy judges denied MERS' various motions.

Motions for relief from the automatic stay are to be brought by a "party in interest." Bankruptcy Code §362(d). While the Bankruptcy Code does not define that term it is generally meant to mean a party with a pecuniary interest in the outcome of the dispute. MERS did not show it had a pecuniary interest in the notes and deeds of trust and showed no pecuniary interest in the outcome of the motion.

Standing is a requirement grounded in Article III of the U.S. Constitution and a defect in standing cannot be waived by the parties. A movant must have both Constitutional standing and prudential standing for a federal court to have jurisdiction to hear the case. Constitutional standing requires the moving party must have suffered some actual or threatened injury as a result of the defendant's conduct, that the injury be traced to the challenged action, and that it is likely to be redressed by a favorable decision on the motion. Prudential standing is a set of principles that places limits on the class of person who may invoke a federal court's powers. To comply with the requirement of prudential standing, the movant must assert its own legal rights and interests. Generally, a party without legal rights to enforce an obligation under applicable substantive law lacks prudential standing. MERS did not show it was being harmed by the existence of the

2

automatic stay and, except for the cases of *Dart* and *Zeigler*, did not even attempt to show it was protecting its own legal rights.

In only two of the cases (*Dart* and *Zeigler)* did MERS attempt to show that it was the actual holder of the notes involved. In the cases of the cases of *Dart* and *Zeigler*, it attempted to show legal title but not a beneficial interest. In all other cases, MERS offered no such proof of its current possession or ownership of the notes, the identity of the current holder or owner of the note or its authority to act on behalf of the current holder or owner of the notes.

The current trend among reported cases involving this issue is that a motion to lift stay seeking permission to foreclose on a note secured by a residence must be brought by the real party in interest who has Constitutional and prudential standing. See *In re Wilhelm*, 2009 WL 1988812 (Bankr.D.Idaho July 7, 2009); *In re Hill*, 2009 WL 1956174 (Bankr.D.Ariz. July 6, 2009); *In re Fitch*, 2009 WL 1514501 (Bankr.N.D.Ohio May 28, 2009); *In re Sheridan*, 2009 WL 631355 (Bankr.D.Idaho March 12, 2009); *In re Jacobson*, 402 B.R. 359 (Bankr.D.Ore. 2009); *In re Hwang,* 396 B.R. 757 (Bankr.C.D.Cal. 2008); *In re Vargas,* 396 B.R. 511 (Bankr.C.D.Cal. 2008); and *In re Foreclosure Cases,* 2007 WL 3232430 (N.D.Ohio Oct.31, 2007). But this is not a new requirement. See *In re Comcoach Corp.*, 698 F.2d 571 (2nd Cir. 1983).

In three of the cases on appeal, *Hawkins, Zeigler* and *Dart,* the motions were moot before the Bankruptcy Court issued its order (by reason of the fact that the automatic stay had terminated for reasons unrelated to MERS' motions) and the appeals should be dismissed.

However, Trustee does not want this case decided solely on the technical merits that MERS technically lacks standing. There are important policy decisions which should be considered. MERS not only lacks standing but it also puts a barrier between the Debtors and the actual lenders which prevents any meaningful negotiations. Bankruptcy Local Rule 4001(a)(3) requires the movant "to communicate in good faith

3

regarding resolution of the motion before filing a motion for relief from stay." MERS has not shown it has any authority to negotiate with Debtors. Without that authority, MERS can't comply with the Local Rule and meet this prerequisite for filing a motion for relief from stay. This is a pervasive problem in the current foreclosure explosion.  While mortgage company executives promise Congress that they will negotiate with borrowers, they leave all communications with the borrowers to service companies which have financial incentives (large fees) to foreclose rather than renegotiate loans.  MERS is one step further down the chain and has not shown it even has authority to comply with the Local Rule 4001(a)(3). In order for the real parties in interest to negotiate and attempt to resolve the matter, the real parties in interest must be before the Bankruptcy Court. Allowing MERS to file motions for relief from stay eliminates any real negotiations.

## V. FACTUAL BACKGROUND

MERS, through various attorneys, has filed hundreds of motions for relief from the automatic stay to allow foreclosures on residences.  Lenard E. Schwartzer, one of eight Chapter 7 Panel Trustees, filed objections to several motions for relief from stay when it was apparent from the pleadings that the motions were being brought by parties who were not the payees of the notes and by parties which held no assignments of the notes.  In all cases, the issue was raised whether MERS was the "real party in interest" and whether MERS had standing. The three judges of the Bankruptcy Court ordered that the various motions in 27 different cases be heard at one time in an *en banc* hearing. The fact patterns are similar but not necessarily identical for each of these cases.

 **A.** The common fact patterns are found in the following cases:

  1. LISA MARIE CHONG, BK-S-07-16645-LBR, Case No. 2:09-cv-0661-KJD-LRL

  3. TRAYNOR BK-S-07-18851-LBR, Case No. 2:09-cv-0669-LDG-PAL

  4. MEDINA, BK-S-08-12206-BAM, Case No. 2:09-cv-0670-KJD-GWF

  5. ATKERSON, BK-S-08-11608-BAM, Case No. 2:09-cv-0673-RCJ-GWF

  7. ALTMANN, BK-S-08-10108-LBR, Case No. 2:09-cv-0677-JCM-LRL

  9. ANG, BK-S-08-11860-LBR, Case No. 2:09-cv-0684-LDG-GWF

  11. DUFAUCHARD, BK-S-07-16519-MKN, Case No. 2:09-cv-0691-JCM-LRL

  13. BREEDEN, BK-S-07-17577-LBR, Case No. 2:09-cv-00874-LDG-LRL

16.    BEALER, BK-S-08-10052-MKN, Case No. 2:09-cv-0890-PMP-PAL

- Debtor's Petition was filed
- MERS' Motion filed as "Nominee for the original lender, its successors and/or assignees"
- Trustee's Opposition filed based on the "lack of documentation that the loan owed by the Debtors is owned by the movant."
- In some cases, MERS files a Declaration by a "bankruptcy processor" for a servicing company which contains no allegations concerning the identity of the current owner or holder of the note.
- In those cases, Trustee filed a Reply stating that "MERS is not the real party in interest in that it has no interest in the note and deed of trust except that as nominee of the true, unidentified, owner."
- MERS filed a Notice of Withdrawal of Motion which was not stipulated to by the Trustee
- Hearings were held.
- The *Mitchell* and *Dart* Memorandum Opinions were entered
- An Order denying Motion based upon the *Mitchell* Opinion was entered

B.    In several cases, the fact pattern is the same as above except no Notice of Withdrawal of Motion was filed by MERS.  These cases are:

8.    SAMBRA    BK-S-08-17506-MKN, Case No. 2:09-cv-0683-RLH-RJJ

10.    CORTES    BK-S-08-17344-MKN, Case No. 2:09-cv-0685-KJD-RJJ

14.    PILATICH    BK-S-07-17182-MKN, Case No. 2:09-cv-00888-KJD-GWF

15.   O'DELL      BK-S-08-16913-MKN, Case No. 2:09-cv-00889-KJD-
      PAL

17.   MAURER     BK-S-06-12287-BAM, Case No. 2:09-cv-00891-JCM-
      GWF

C.     The fact pattern in the *Mitchell* case is similar to the others in that there is no additional evidence concerning MERS holding possession of the original note and deed of trust.  However, pursuant to the Order to Set Hearing (Docket #44), all joint pleadings were filed in the *Mitchell* case.

2.     JOSHUA SCOTT MITCHELL and STEPHANIE JUDITH
       MITCHELL  BK-S-07-16226, Case No. 2:09-cv-0668-JCM-RJJ

- The joint pleadings filed in *Mitchell* pursuant to the Bankruptcy Court's Order for Joint Hearing entered April 29, 2008.

- September 28, 2007      Debtor's Petition was filed (Docket #1)

- January 15, 2008      MERS Motion filed as "Nominee for Plaza Home Mortgage, Inc., its successors and/or assigns" (Docket #30)

- January 16, 2008      Trustee's Opposition filed based on the "lack of documentation that the loan owed by the Debtors is owned by the movant." (Docket #34)

- February 28, 2008      MERS files a Declaration by a "bankruptcy processor for GMAC Mortgage, LLC" which contains no allegations concerning the identity of the current owner or holder of the loan. (Docket #38)

- March 11, 2008      Trustee Reply filed stating that "MERS is not the real party in interest in that it has no interest in the note and deed of trust except that as nominee of the true, unidentified, owner." (Docket #40)

- April 29, 2008 — Order for joint hearings on 27 MERS motions (Docket #44)
- May 12, 2008 — MERS files Brief in Response to Matter Court Identified and attempts to withdraw its motions on all but four cases.
- May 22, 2009 — Trustee files Response to MERS Brief pointing out the evidentiary insufficiencies in the Affidavits filed by MERS regarding Ziegler
- June 2, 2008 — Notice of Errata (attaching documents previously missing or mislabeled) (Docket #56)
- June 2, 2008 — MERS Reply Brief in which MERS continues to assert it does not have to identify the current owner of the note and deed of trust (Docket #57)
- August 5, 2008 — MERS Supplemental Brief and Affidavits still failing to identify the current owner of the note and deed of trust and asserting that it has standing to act on behalf of this unidentified party. The brief states that its motion for relief "contains an implied certification that MERS is able to discharge the responsibilities of a movant."
- August 5, 2008 — Declaration of William C. Hultman states that MERS could not verify that it possessed the notes in most cases (that is, in all cases except Dart, Ziegler, Hawkins and Furiati) (Docket #74)
- August 5, 2008 — Trustee's Supplemental Brief (Docket #78)
- August 19, 2008 — Hearing. Transcript filed as Docket #83. Importantly, MERS counsel agreed that if the beneficial owner of the note is not a member of MERS then MERS would not have standing to proceed. (Docket #83, Pages 12-14)
- January 21, 2009 — Trustee's Supplemental Opposition citing the recent decisions in *In re Hwang* and *In re Vargas* (Docket #91)

8

- February 18, 2009          MERS' Response (Docket #97)
- March 31, 2009             Order Denying Motion (Docket #98)
- March 31, 2009             Memorandum Decision (Docket #99)

D.     In one case, the Bankruptcy Case was dismissed before the Court ruled on the MERS Motion. There no longer was an automatic stay in place and the Bankruptcy Court lacked jurisdiction. The motion was moot before it was decided. Appellee has no objection to reversal of the bankruptcy Court's decision on this ground. The case is:

18.     HAWKINS   BK-S-07-13593-LBR, Case No. 2:09-cv-00892-KJD-GWF

E.     In two cases, *Ziegler* and *Dart,* MERS filed additional Affidavits regarding the possession, but not ownership, of the notes secured by deeds of trusts. These cases had evidentiary issues but these two cases were moot when the Bankruptcy Court's orders were entered and the appeals should be remanded with instructions to deny the motions as being moot.

6.     ZEIGLER BK-S-08-10718-MKN, Case No. 2:09-cv-0676-RLH-PAL

- February 12, 2008          Motion for Relief From Stay on behalf of MERS re 2317 Martinique Avenue filed by Eddie R. Jimenez (Docket #21)
- February 12, 2008          Amended Motion for Relief From Stay on behalf of MERS solely as nominee for Meridias Capital, Inc. re 2317 Martinique Avenue filed by Eddie R. Jimenez (Docket #24) [hereafter, the "Amended Motion"]
- March 3, 2008              Response filed on behalf of Debtors by Lenard E. Schwartzer (Docket #35) **Appellee's Appendix # A**

9

- March 12, 2008          Amended Motion continued to April 2, 2008
  (Docket #43)
- April 2, 2008          Amended Motion continued to June 9, 2008
  (Docket #49)
- April 17, 2008          Motion for Relief from Stay on behalf of
  Meridias Capital re 2317 Martinique Avenue filed by Kristin Schuler-Hintz
  (Docket #51) [hereafter, the "Schuler-Hintz Motion"] **Appellee's**
  **Appendix # B**
- April 29, 2008          Order to Set Hearing setting the hearing on the
  Amended Motion for June 9, 2008 (Docket #54)
- May 14, 2008          Schuler-Hintz Motion continued to June 11,
  2008. (Docket #59)
- June 4, 2008          Order Discharging Debtor (Docket #63)
  **Appellee's Appendix # C**
- June 9, 2008          Amended Motion continued to August 19, 2008
  (Docket #67)
- June 11, 2008          Schuler-Hintz Motion continued to June 25,
  2008 (Docket #66)
- July 18, 2008          Order Terminating Automatic Stay entered on
  Schuler-Hintz Motion (Docket #69) **Appellee's Appendix # D**
- April 7, 2009          Order After Joint Hearing denying the Amended
  Motion (Docket #83)

It appears that Amended Motion was moot before the Bankruptcy Court made its decision because a motion seeking relief from the automatic stay was filed on behalf of Meridias Capital, the payee and holder of the note secured by a deed of trust on 2317 Martinique Avenue by Kristin Schuler-Hintz and that motion was granted.  MERS, as

nominee for Meridias Capital, has no interest in the outcome of the Amended Motion and neither does Meridias Capital. Meridias Capital already has the stay lifted to allow foreclosure.

> 12. DART  8BK-S-08-11007-LBR, Case No. 2:09-cv-00873-KJD-GWF

- February 20, 2008   Motion for Relief from Automatic Stay on behalf of MERS, Inc as nominee for Countrywide Home Loans, Inc. re 5812 Lady Carolina Street (Docket #19). Filed by Jeremy Bergstrom.
- February 20, 2008   Supplemental Declaration of Susan Weale (Docket #20)
- March 11, 2008   MERS Motion for Relief from Automatic Stay on behalf of Centralbanc Mortgage Corporation re 5812 Lady Carolina Street (Docket #25). Filed by Eddie R. Jimenez.
- March 21, 2008   Trustee's Opposition to Centralbanc Motion (Docket #32)
- July 9, 2009   Declaration of MERS (Docket #47)
- August 5, 2008   Affidavit of Cynthia A. Mech (Docket #62)
- December 3, 2008   Final Decree, Discharge of Trustee and Closing of Chapter 7 Case (Docket #63) **Appellee's Appendix # E**
- March 31, 2009   Memorandum Opinion (Docket #64)

Based upon the docket, this appeal should be dismissed because (a) a Final Decree closing the case was entered before the Bankruptcy Court made its decision (once the case is closed, there is no automatic stay, the secured creditor is allowed to foreclose without permission from the Bankruptcy Court and the Trustee has no interest in the property which was the subject of the motion), and (b) no final order denying the MERS

Motion was entered-only the Memorandum Opinion. The Trustee has no objection to reversal of the Bankruptcy Court's decision on the first ground or dismissal of this appeal on the second ground.

## OTHER IMPORTANT FACTS

MERS' position before the Bankruptcy Court was that the beneficial owner of each note has "to have some connection with MERS in order for MERS to have standing to bring a relief from stay action." Transcript, page 13, line 25 to page 14, line 13, Appendix 4, pages 662-3.

MERS' position before the Bankruptcy Court was that MERS was the agent for the actual owner of the note not really the beneficial owner of the note.  The Transcript, page 18, lines 8-11, Appendix 4, page 667, shows:

> Judge Markell:...So they're not a beneficiary in the sense that they are the one with an economic interest, but they're a beneficiary because they represent fully someone who does.

> Mr. Cardozo: That's exactly it...

The Bankruptcy Court rejected MERS' argument that its mere presence as the nominee-beneficiary on the deed of trust was sufficient to confer standing in the event of an objection because the current (but unidentified) owner of the note might not be a member of or have a contractual relationship with MERS.

MERS specifically refused to identify the current owners of the notes in the 40 cases before the Bankruptcy Court because it wanted this to be a "test case" of its argument that MERS mere identification as the nominee-beneficiary on the deed of trust was sufficient to give it standing. See Transcript page 68, lines 12-13, Appendix 4, page 717, where MERS counsel stated;

> The reason why MERS has not identified the beneficial owner, **this is a test case**.

## VI. ARGUMENT

MERS states that it is only appealing two findings by the Bankruptcy Court. First, it appeals the Bankruptcy Court's finding that MERS was not the beneficiary of the deeds of trust at issue in each of the cases. Second, it appeals the Bankruptcy Court's finding that MERS' evidence was insufficient in the *Dart* and *Zeigler* cases in which the Court found that MERS had not shown it was the holder of the notes in those two cases.

MERS is attempting to evade the Bankruptcy Court's basic ruling that MERS was not the *real party in interest* and MERS lacked Constitutional and prudential *standing* to bring the motions for relief from the automatic stay because it had no financial interest in the notes, it failed and refused to identify the actual beneficial owner of the notes and it failed to join the beneficial owner of the notes and failed to show the beneficial owners ratification of MERS' motion. MERS is asking this Court to ignore the *standing* requirements of litigation which apply to motions filed in the Bankruptcy Court.

### A.   BANKRUPTCY RULES REQUIRE A MOTION FOR RELIEF FROM STAY TO BE FILED BY A "REAL PARTY IN INTEREST"

Bankruptcy Rule 4001 provides:

Rule 4001. Relief from Automatic Stay; Prohibiting or Conditioning the Use, Sale, or Lease of Property; Use of Cash Collateral; Obtaining Credit; Agreements

(a) Relief from stay; prohibiting or conditioning the use, sale, or lease of property.

(1) Motion.

**A motion for relief from an automatic stay provided by the Code** or a motion to prohibit or condition the use, sale, or lease of property pursuant to § 363(e) **shall be made in accordance with Rule 9014**

Bankruptcy Rule 9014, regarding Contested Matters, provides:

(c) Application of Part VII Rules.

Except as provided in this rule, and unless the court directs otherwise, the following rules shall apply: 7009, **7017**, 7021, 7025, 7026, 7028-7037, 7041, 7042, 7052, 7054-7056, 7064, 7069, 7071. The following subdivisions of Fed. R. Civ. P. 26. as incorporated by Rule 7026, shall not apply in a contested matter unless the court directs otherwise: 26(a)(1) (mandatory disclosure), 26(a)(2) (disclosures regarding expert testimony) and 26(a)(3)(additional pre-trial disclosure), and 26(f) (mandatory meeting before scheduling conference/discovery plan). An entity that desires to perpetuate testimony may proceed in the same manner as provided in Rule 7027 for the taking of a deposition before an adversary proceeding. The court may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply. The court shall give the parties notice of any order issued under this paragraph to afford them a reasonable opportunity to comply with the procedures prescribed by the order.

Bankruptcy Rule 7017 adopts F.R.Civ.P. Rule 17. F.R.Civ.P. Rule 17 provides:

(a) REAL PARTY IN INTEREST.
(1) *Designation in General.* **An action must be prosecuted in the name of the real party in interest.** The following may sue in their own names without joining the person for whose benefit the action is brought:
(A) an executor;
(B) an administrator;
(C) a guardian;
(D) a bailee;
(E) a trustee of an express trust;
(F) a party with whom or in whose name a contract has been made for another's benefit; and
(G) a party authorized by statute.
(2) *Action in the Name of the United States for Another's Use or Benefit.* When a federal statute so provides, an action for another's use or benefit must be brought in the name of the United States.
(3) *Joinder of the Real Party in Interest.* The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After

ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

There is no dispute that these Bankruptcy Rules require a motion for relief from stay to be prosecuted by the "real party in interest." See *In re Wilhelm*, 2009 WL 1988812 (Bankr.D.Idaho July 7, 2009); *In re Hill*, 2009 WL 1956174 (Bankr.D.Ariz. July 6, 2009); *In re Sheridan*, 2009 WL 631355 (Bankr.D.Idaho March 12, 2009); *In re Jacobson*, 402 B.R. 359 (Bankr.D.Ore. 2009); *In re Hwang*, 396 B.R. 757 (Bankr.C.D.Cal. 2008); *In re Vargas*, 396 B.R. 511 (Bankr.C.D.Cal. 2008). Unless MERS fits into that category or one of the categories stated in Fed.R.Civ.P. Rule 17, it cannot prosecute a contested motion for relief from the automatic stay without bringing forward a ratification, joinder, or substitution by the real party in interest.

There was no evidence that MERS is a *real party in interest* with a beneficial interest in notes and deeds of trust which were the subject of the Motions. There are financial institutions which own the beneficial interest in the notes and deeds of trust which are not known to the Debtors, the Trustee, and maybe even to MERS. But those financial institutions were not and, presently, are not parties to the motions or to this appeal. In two cases, MERS presented some evidence that a servicing company had possession of the notes in question. Those cases were moot before the Bankruptcy court made its decision.

The Comments to 1966 Amendment to Fed.R.Civ.P.17 state the purpose of the real party in interest rule is "to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata." If the Bankruptcy Court found the deed of trust to be adequately protected or invalid there would be a question whether such a decision would bind an unnamed, unknown beneficiary of the deed of trust.

The real party in interest requirement is an expression of the constitutional requirement of cases and controversies for jurisdiction in Federal Court. This is to insure that the **party bringing the action has a sufficient interest in the proceeding to diligently advance the case**. With narrow exceptions, there must be a personal interest, financial or otherwise, or stake in the plaintiff for the action to proceed.

*In re Golden Plan of California, Inc.*, 25 B.R. 183, 185 (Bankr.E.D.Cal. 1982)(emphasis added).

The rule was applied to a motion for relief from stay in *In re Hwang*, 396 B.R. 757, 767 (Bankr.C.D.Cal. 2008), which held:

[t]he right to enforce a note on behalf of a noteholder does not convert the noteholder's agent into a real party in interest. "As a general rule, a person who is an attorney-in-fact or an agent solely for the purpose of bringing suit is viewed as a nominal rather than a real party in interest and will be required to litigate in the name of his principal rather than in his own name.

*In re Hwang*, was followed by the Bankruptcy Court in *In re Jacobson*, 402 B.R. 359, 366 (Bankr.W.D.Wash. 2009), which held:

The real party in interest in relief from stay is whoever is entitled to enforce the obligation sought to be enforced. Even if a servicer or agent has authority to bring the motion on behalf of the holder, it is the holder, rather than the servicer, which must be the moving party, and so identified in the papers and in the electronic docketing done by the moving party's counsel.

It follows that orders granting relief from stay must do so to the holder of the obligation to be enforced--not the servicer or others, or the collective "Movant," as in the proposed order UBS AG submitted. Of course, setting forth that the holder may act through agents, or may later assign or transfer the interest, e.g., "ACT Properties, LLC, and its agents, successors, and assigns," is appropriate.

This is not a merely theoretical concern. In the *Zeigler* case, Eddie Jimenez brought a motion for relief from stay on behalf of MERS as nominee for Meridias Capital which was pending when Kristin Schuler-Hintz brought a motion for relief from stay on behalf of Meridias Capital which was granted. Implicit in this series of events is that Meridias Capital didn't even know MERS was filing a motion on its behalf.

16

MERS has produced no evidence that it had a personal, financial, or other interest in the outcome of the motions.  The reality is that MERS is merely an alleged nominee of the real party in interest but not the real party in interest. MERS couldn't even say it is the nominee of the current beneficial owners of the notes and deeds of trust because (1) it didn't present any evidence of the identity of the current beneficial owners and (2) it didn't present any evidence of its contract with the current beneficial owners.  The Bankruptcy Court and this Court is left with no evidence that MERS has any connection with the current beneficial owner of the notes and deeds of trust. MERS' evidence that it had a contractual relationship with the original lender is not evidence of a relationship with the current (unidentified) lender.

MERS had multiple opportunities to bring (a) join the current owners of the notes as a movant or (b) to show ratification of the motions by the owners of the notes.  It made a strategic decision not to do so. See Transcript page 68, lines 12-13, Appendix 4, page 717, where MERS counsel stated;

> The reason why MERS has not identified the beneficial owner, **this is a test case.**

Applying the principles set forth in the rules, MERS failed to show that it is a "real party in interest" and, therefore, MERS was not entitled to relief sought in its motion. More importantly, MERS was not the real party in interest but, at best, an agent for the unidentified real party in interest.

**B.      MERS LACKED CONSTITUTIONAL AND PRUDENTIAL STANDING TO BRING MOTIONS FOR RELIEF FROM STAY**

The Bankruptcy Court for the District of Idaho stated the law regarding standing. It stated:

> Standing and the real-party-in-interest requirement are related, but not identical, concepts. Standing encompasses both constitutional and

prudential elements. *See, e.g., Warth v. Seldin,* 422 U.S. 490, 498-99, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975); *In re Simplot,* 2007 WL 2479664, at *9 (Bankr.D.Idaho.Aug.28, 2007). To have constitutional standing, the litigant must allege an "injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged behavior; and likely to be redressed by a favorable ruling." *Davis v. Fed. Election Comm'n,* --- U.S. ----, 128 S.Ct. 2759, 2768, 171 L.Ed.2d 737 (2008). Prudential standing includes the idea that the injured party must assert its own claims, rather than another's. *See, e.g., Warth,* 422 U.S. at 499. Thus, the real-party-in-interest doctrine generally falls within the prudential standing doctrine. *See Hwang,* 396 B.R. at 769. That is, as "a prudential matter, a plaintiff must assert 'his own legal interests as the real party in interest, *Dunmore v. United States,* 358 F.3d 1107, 1112 (9th Cir.2004), as found in Fed.R.Civ.P. 17[.]' " *Mitchell,* 2009 WL 1044368, at *2.

*In re Wilhem,* 2009 WL 1988812 (Bankr.D.Idaho July 7, 2009). Previously, the same

Court discussed the doctrine of standing and its basis in the 9th Circuit:

> *Hasso v. Mozsgai ( In re La Sierra Fin. Servs.),* 290 B.R. 718 (9th Cir.BAP2002), explained that the doctrine of standing encompasses both constitutional limitations on federal court jurisdiction (*i.e.,* the case or controversy requirements of Article III), and prudential limitations on the court's exercise of that jurisdiction. Constitutional standing requires an injury in fact, *viz.* an invasion of a judicially cognizable interest. 290 B.R. at 726-27. Prudential standing requires that the party's assertions fall within the zone of interests protected by the statute and, further, requires that the litigant assert only its own rights and not those of another party. *Id.* at 727 (citing *Bennett v. Spear,* 520 U.S. 154, 162, 167-68, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997). The party asserting standing exists has the burden of proving it. *Id.* At 726. Though sometimes articulated in the cases as principles applicable to standing on appeal, the same propositions apply to a party at the bankruptcy court level.

*Id.* [*In re Simplot,* 2007 WL 2479664 (Bankr.D.Idaho August 28, 2007)] (footnote citations omitted). In *Simplot,* the Court concluded that "parties may not assert ... objections that relate solely to others, or that go to issues that do not directly and adversely affect them pecuniarily."*Id.* at *10 (footnote citations omitted). These same standing requirements were recently highlighted in a stay relief context by the court in *In re Jacobson,* --- B.R. ----, 2009 WL 567188 at *5-6 (Bankr.W.D.Wash. Mar.6, 2009).

*In re Sheridan*, 2009 WL 631355 at *3 (Bkrtcy.D.Idaho March 12, 2009).

As mention in *Sheridan*, the Bankruptcy Court in *In re Jacobson*, 402 B.R. 359 (Bankr.W.D.Wash. 2009), stated the same requirements as follows:

> **1. Law:** For a federal court to have jurisdiction, the litigant must have constitutional standing, which requires an injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief. *United Food & Commercial Workers Union Local 751 v. Brown Group, Inc.,* 517 U.S. 544, 551, 116 S.Ct. 1529, 134 L.Ed.2d 758 (1996).
>
> > [T]he question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues. Standing doctrine embraces several judicially self-imposed limits on the exercise of federal jurisdiction, such as the general prohibition on a litigant's raising another person's legal rights....
> >
> > ....
> >
> > Typically ... the standing inquiry requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted.
>
> *Allen v. Wright,* 468 U.S. 737, 750-52, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984) (citations omitted). Constitutional standing, predicated on the "case or controversy" requirement of Article III of the Constitution, is a threshold jurisdictional requirement, and cannot be waived. *Pershing Park Villas Homeowners Ass'n v. United Pacific Ins. Co.,* 219 F.3d 895, 899-900 (9th Cir.2000).
>
> A litigant must also have "prudential standing," which stems from rules of practice limiting the exercise of federal jurisdiction to further considerations such as orderly management of the judicial system. *Pershing Park,* 219 F.3d at 899-900; *In re Godon,* 275 B.R. 555, 564-565 (Bankr.E.D.Cal.2002) (citing *Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 541-42, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986)).
>
> Generally, a party without the legal right under applicable substantive law to enforce the obligation at issue, or pursuing an interest outside those protected by the law invoked or abstract questions more appropriately addressed legislatively, lacks prudential standing. *Doran v. 7-Eleven, Inc.,* 524 F.3d 1034, 1044 (9th Cir.2008).
>
> **Under the Bankruptcy Code, a party seeking relief from stay must establish entitlement to that relief. § 362(d); *see In re Hayes,* 393 B.R. 259, 266-267 (Bankr.D.Mass.2008). Foreclosure agents and servicers do not automatically have standing, *In re Scott,* 376 B.R. 285,**

> **290 (Bankr.D.Idaho 2007); *Hwang*, 396 B.R. at 767, and must show
> authority to act for the party which does.**

402 B.R. at 366-7 (emphasis added).

The same rules were stated in *In re Hill*, 2009 WL 1956174 at *4 (Bankr.D.Ariz.

July 6, 2009), as follows:

> In addition to the procedural "real party in interest" requirements of
> Rule 17, a litigant must also have standing to bring a motion. *Warth v.
> Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). Having
> standing to bring a motion is different than being a "real party in interest"
> under Rule 17. *Davis v. Yageo Corp.*, 481 F.3d 661, 678 (9th Cir.2007).
> Standing is a requirement grounded in Article III of the U.S. Constitution
> and a defect in standing cannot be waived by the parties. *In re Kang Jin
> Hwang*, 396 B.R. 757, 768 (Bankr.C.D.Cal.2008). A litigant must have
> both constitutional standing and prudential standing for a federal court to
> have jurisdiction to hear the case. *Elk Grove Unified Sch. Dist. v. Newdow*,
> 542 U.S. 1, 11, 124 S.Ct. 2301, 159 L.Ed.2d 98 (2004). Constitutional
> standing requires an injury fairly traceable to the defendant's allegedly
> unlawful conduct and likely to be redressed by the requested relief. *751 v.
> Brown Group, Inc.*, 517 U.S. 544, 551, 116 S.Ct. 1529, 134 L.Ed.2d 758
> (1996). **Prudential standing is a set of principles that places limits on
> the class of person who may invoke a federal court's powers. *Newdow*,
> 542 U.S. at 11. To comply with the requirement of prudential standing,
> the litigant must assert its own legal rights and interests. *Oregon v.***

Docket #21; and *Elias v. HomEq Servicing*, No.08-1836, 2009 WL 481270 (D.Nev. February 25, 2009). In addition, there are other cases. See *Orzoff v. MERS*, No. 08-1512, Order entered March 26, 2009 as Docket #32; *Beltran v. MERS*, No. 08-1101, Order entered January 5, 2009 as Docket #18; *Dunlap v MERS*, No. 08-918, Order entered January 6, 2009 as Docket #44; *Vasquez v. Aurora Loan Services*, Case No. 08-1800, Order entered without opposition April 21, 2009 as Docket #15; *Vera-Jaramillo v. MERS*, Case No. 08-1734, Order entered without opposition March 9, 2009 as Docket #23.

The conclusion made by the District Court in *Ramos v. MERS*, No. 08-1089, Order entered March 5, 2009 as Docket #21, at page 7, was "Thus, under the deed of trust, MERS was empowered to foreclose on the property and to appoint Cal-Western as substitute trustee for purpose of conducting the foreclosure. Plaintiffs' arguments to the contrary are rejected."

The conclusion made by the District Court in *Elias v. HomeEq Servicing*, No. 08-1836, Order entered February 25, 2009, at page 2, 2009 WL 481270, at *2, (D.Nev. February 25, 2009), holds: "The recorded deeds of trust, notices of foreclosure, and trustee's deed upon sale confirms the standing of HomeEq, Sutton and MERS to foreclose upon Elias' default. *See* Doc. #6, Exhibits 3-6."

**Neither of these cases nor any of the other District Court decisions concern MERS' standing to seek affirmative relief <u>in a court</u>.** It is the Appellee's position that even if MERS has the ability to foreclose, it lacks standing to file a motion for relief from stay. The difference is that there was no "real party in interest" rule and no "standing" requirement to conduct a non-judicial foreclosure. There are "real party in interest" rules and "standing" requirements to file a motion for relief from stay in a Bankruptcy Court. Therefore, in the past, it may not have been wrongful for MERS to conduct a non-judicial foreclosure without presenting evidence of its possession of the promissory note or

presenting evidence of its authority to conduct the foreclosure from the party in possession of the promissory note.[1]

The distinction between cases which hold that a party must have possession of the note to seek affirmative relief in court while not requiring possession of the note to conduct a non-judicial foreclosure is exactly the distinction made by the District Court in

---

[1] This changed when the Nevada legislature passed, AB 149, which became law in July 1, 2009. This statute allows a homeowner to require mediation.  The mediation rules adopted by the Nevada Supreme Court require, at Part II, Rule 5:

> 6. All beneficiaries of a deed of trust sought to be foreclosed against an eligible beneficiary participant who has timely delivered an Election of Mediation shall participate in the Foreclosure Mediation Program, be represented at all times during a mediation by a person or persons who have the authority to modify the loan secured by the deed of trust sought to be foreclosed, and bring to the mediation the original or a certified copy of the deed of trust, the mortgage note, and each assignment of the deed of trust and mortgage note.
> (a) The eligible participant and lender representatives with authority to modify the underlying loan shall be physically present or, if approved by the mediator for good cause shown, may participate in the mediation by phone.
>      ***
> (c) For purposes of this rule, a certified copy of the original mortgage note, deed of trust and each assignment of the deed of trust and mortgage note is only  satisfied when the mediator receives a statement under oath signed before a notary public that must include;
>           (1) The name, address, capacity and authority of the person making the certification;
>           (2) The person making the certification is in actual possession of the original mortgage note, deed of trust , and each assignment of the mortgage note and deed of trust; and
>           (3) The attached copy of the mortgage note, deed of trust, and each assignment of the mortgage note and deed of trust are a true and correct copy of the original mortgage note, deed of trust, and assignment of the deed of trust and mortgage note in the possession of the person making the certification.
> (d) In the event of the loss or destruction of the original mortgage note, deed of trust, or assignment of the mortgage note or deed of trust, the mediator shall recognize a judicial order entered pursuant to NRS 104.3309 providing for the enforcement of a lost, destroyed, or stolen instrument.

Appellee's **Appendix # F**.

*Ernestberg v. Mortgage Investors Group*, 2009 WL 160241, at *5 (D.Nev. January 22, 2009), which stated:

> In support of Plaintiff's argument that Defendants lacked standing to proceed with the *nonjudicial* foreclosure of the Subject Property because they failed to provide the original Note, Plaintiff cites to a nonbinding opinion from an Ohio federal court, *In re Foreclosure Cases (Deutsche Bank Nat'l Trust Co. v. Moore),* Case No. 1:07CV2282 (N.D.Ohio Oct.31, 2007). However, the referenced case is distinguishable as it dealt with *judicial* foreclosure proceedings brought by lenders, in contrast to the present situation. The present lawsuit involves a *nonjudical* foreclosure, as expressly allowed under Nevada law.

MERS argued to this District Court in *Ernestberg* that the rule in *In re Foreclosure Cases (Deutsche Bank Nat'l Trust Co. v. Moore)* did not apply to non-judicial foreclosure because MERS was not bringing a *judicial* proceeding. MERS should not be allowed to argue that the rule in *In re Foreclosure Cases (Deutsche Bank Nat'l Trust Co. v. Moore)* does not apply when MERS is instituting a Bankruptcy Court proceeding.

Even in Nevada, MERS could not go into state court to enforce a promissory note based on its "beneficiary" status. In Nevada, the persons identified as being entitled to enforce a promissory note are listed in NRS 104.3301 which states:

**NRS 104.3301  Person entitled to enforce instrument.**
1.  "Person entitled to enforce" an instrument means:
(a) The holder of the instrument;
(b) A nonholder in possession of the instrument who has the rights of a holder; or
(c) A person not in possession of the instrument who is entitled to enforce the instrument pursuant to NRS 104.3309 [lost, destroyed or stolen note] or subsection 4 of NRS 104.3418 [payment or acceptance by mistake].
2.  A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

MERS failed to show with admissible evidence that it fit into anyone of those categories. Except for the cases of *Zeigler* and *Dart*, MERS did not present evidence that it was the holder of the notes secured by the deed of trust. In the other cases, MERS contended that being named as the beneficiary on the original deed of trust was proof that it was authorized to act on behalf of the unidentified current holder of the note. The Bankruptcy Court went into colloquy with MERS counsel on this point. The Transcript contains the following:

JUDGE MARKELL: Well, what we would say is, if in fact—again, articulating on the fly is never particularly precise. But if I articulate a rule it would be if MERS is listed as the beneficiary and it is acting for a person who is not named in the original deed of trust as the lender, then it has to show, either by provision of assigned—by showing that the current beneficial holder is a MERS member or by showing that it's the holder, that it has standing.

Those are the cases in which I have a concern. I understand that you enter into it and somebody sat down and really thought out a system in terms of that, but again, we deal with—the cases that concern us, at least the cases that concern me, are not the ones that work the way the system was designed because I think you're bringing me around to the conclusion that that design, at least on paper, works. That is all about paper.

What I'm concerned about is insuring that if in fact there has been a change in the beneficial holder of the note, that the I's have been dotted and T's have been crossed to make sure MERS continues to have the status and capacity necessary to prosecute the relief from stay. Because I think you conceded, although it is not much of a concession, earlier in the argument that if the system breaks down and if the new beneficial holder of the note is not connected with MERS you don't have standing.

MR. CARDOZO: Yes.

26

Transcript page 36, line 12 to page 37, line 12, Appendix 4, pages 687-8.

The importance of this requirement that the party filing the motion for relief from stay have standing is based not only on the legal requirement but also on the procedural requirement that the party bringing the motion for relief from stay must, before filing the motion, pursuant to Bankruptcy Local Rule 4001(a)(3), "communicate in good faith regarding resolution of the motion before filing a motion for relief from stay." MERS' position is, apparently, it can comply with this rule by communicating "no negotiations" because it is not a party with a financial interest in the note secured by the deed of trust.

The Bankruptcy Court's Memorandum Opinion, at page 7, lines 18-19, reached the correct legal conclusion when it stated:

> But more importantly, even if MERS is the nominee of the beneficiary, or the motion was brought by the beneficiary, **that mere allegation is not sufficient to confer standing**.

When MERS standing is challenged, it cannot rely on its unsworn allegations. It must present evidence that it is the holder of the note or it has authority to act from the current holder of the note. It can't show the latter without identifying the current holder of the note.

> Agency is a legal relationship created by an express or implied agreement or by operation of law whereby the agent is authorized to act for the principal, subject to the principal's control. As in the formation of any contract, the consent of both parties is necessary to establish an agency relationship. Agency is never to be presumed; it must be shown affirmatively. The party who asserts the existence of agency relationship has the burden of proving it.

*Karl Rove & Co. v. Thornburgh*, 39 F.3d 1273, 1296 (5th Cir. 1994). See also *Hamm v. Arrowcreek Homeowners' Ass'n*, 124 Nev. 28, 183 P.3d 895, 902 (Nev. 2008) ("The party asserting the agency relationship has the burden of proving the relationship by a preponderance of the evidence."); *Trump v. Eighth Judicial Dist. Court of State of Nevada*, 109 Nev. 687, 857 P.2d 740, 745 (Nev. 1993) (footnote 3) ("The burden of

proving an agency relationship rests on the party asserting that such a relationship exists."); *Gallinger v. Vaaler Ins., Inc.*, 12 F.3d 127, 129 (8th Cir. 1993) ("The burden of proof is upon the one asserting the existence of the agency.")(applying North Dakota law); *Bayless v. Christie, Manson & Woods Intern., Inc.*, 2 F.3d 347, 352 (10th Cir. 1993) ("As indicated, a party asserting agency has the burden of proof to show the "existence, nature and extent of the agency relationship."")(applying Oklahoma law).

 MERS can't prove its agency for the unidentified current owner of the note by perception of its authority, that is, because people think it is an agent. See *Itel Containers International Corp. v. Atlanttrafik Express Service Ltd.,* 909 F.2d 698 (2nd Cir.1990), in which the Second Circuit held that whether an  agency relationship exists "depends on the actual interaction between the putative principal and agent, not on any perception a third party may have of the relationship." *Id.* at 702.

 MERS can't prove its agency for an unidentified current owner of the note by its own testimony. *In re CMGT, Inc.,* 402 B.R. 262, 276 (Bankr.N.D.Ill. 2009) ("The "words and conduct" of the principal establish the agency relationship; the alleged agent's words and conduct are not sufficient. *Sphere Drake Ins. Ltd. v. Am. Gen. Life Ins. Co.,* 376 F.3d 664, 672 (7th Cir.2004)."); *Integrated Consulting Services, Inc. v. LDDS Communications, Inc.,* 996 F.Supp. 470 (D.Md. 1998) ("To prove an agency relationship by implication, there must be factual evidence in the record supporting the implication that the putative agent acted as such. A mere proclamation of agency is insufficient."); *In re Englewood Community Hosp. Corp.*, 117 B.R. 352, 360 (Bankr.N.D.Ill. 1990) ("The authority of an agent must find its ultimate source in some act or word of the principal, indicative of his intention either express or implied."); *Federal Deposit Ins. Corp. v. Glickman*, 450 F.2d 416, 418 (9th Cir. 1971) ("Numerous California cases hold that a declaration of an alleged agent is not admissible to establish the agency unless made in the presence of or authorized in some way by the would-be principal.").

One might say that MERS failed its test case because it was caught in a *Catch-22* situation. It didn't want to identify its principal (the current owner of the note) but it could not prove its authority to act without evidence of authorization from its principal.

### C.      **WHY THIS CASE IS IMPORTANT**

This case involves an important economic issue confronting this country. There is a tsunami of foreclosures overwhelming the Las Vegas real estate market. The effect goes beyond the debtors who are losing their homes but affects their neighbors who own adjacent to abandoned houses, their neighborhoods where home values decline; and their cities and county who face declining property taxes. See **The Housing Crisis and Bankruptcy Reform: The Prepackaged Chapter 13 Approach** by Eric A. Posner and Luigi Zingales (February 23, 2009),[2] a copy of which is attached in Appellee's Appendix. Lenders have recognized that the problem requires adjustment. Presidents of large banks have promised to "work with borrowers." However, in effect, that is not happening. One reason is that servicing agents have no incentive to work with borrowers. It takes more time to negotiate a loan modification than to foreclose. The servicing fees for foreclosure are higher than those for loan modification. And the borrower never gets to talk to the lender. See **Securitization and Distressed Loan Renegotiation: Evidence From the Subprime Mortgage Crisis** by Tomasz Piskorskiy, Amit Seruz and Vikrant Vigx (December, 2008).[3] The servicing companies are in the way and, in most cases, the borrower has no way to even identify its lender.

---

[2] "The housing crisis threatens to destroy hundreds of billions of dollars of value by causing homeowners with negative equity to walk away from their houses. A house in foreclosure is worth 30 to 50 percent less than a house that a homeowner either retains or sells on the market, and a foreclosed house damages neighboring property values as well." A complete copy of this paper is included in **Appellee's Appendix # G**.

[3] We show that delinquent loans are serviced differently depending on their securitization status. Conditional on a loan becoming seriously delinquent, we found a significantly lower foreclosure rate associated with loans held by the bank ('portfolio' loans) when compared to similar loans that are securitized; the likelihood of a portfolio loan default is lower in relative terms by about

As stated in the written testimony of Diane Thompson, counsel for the National Consumer Law Center, before the United States Senate Committee on Banking, Housing, & Urban Affairs on July 16, 2009[4]:

> In attempting to make sense of this puzzle, we should remember that servicers are not investors. Investors hold the note, or a beneficial interest in it, and are, in general, entitled to repayment of the interest and principal. Servicers collect the payments from the homeowners on behalf of the investors. The bulk of their income comes from a percentage payment on the outstanding principal balance in the pool; the bulk of their net worth is tied to the value of the mortgage servicing rights they purchased. A servicer may or may not lose money—or lose it in the same amounts or on the same scale—when an investor loses money. And it is servicers, not investors, who are making the day-to-day, on the ground, decisions as to whether or not to modify any given loan.
>
> Servicers continue to receive most of their income from acting as largely automated pass-through accounting entities, whose mechanical actions are performed offshore or by personified computer systems. Their entire business model is predicated on making money by skimming profits from what they are collecting: through a fixed percentage of the total loan pool, fees charged homeowners for default, interest income on the payments during the time the servicer holds them before they are turned over to the owners, and affiliated business arrangements. Servicers make their money largely through lucky or strategic investment decisions: purchases of the right pool of mortgage servicing rights and the correct interest hedging decisions. Performing large numbers of loan modifications would cost servicers upfront money in fixed overhead costs, including staffing and physical infrastructure.

Testimony, pages 12-13.

Forcing MERS to identify the current actual owner of the note (the investor) and forcing the actual current lender (the investor) to comply with Bankruptcy Local Rule

---

20-30% for all the loans and about 30-50% for loans of better credit quality. A complete copy of this paper is included in **Appellee's Appendix # H**.

[4] A copy of the complete testimony is included in **Appellee's Appendix # I**.

4001(a)(3) which requires the movant "to communicate in good faith regarding resolution of the motion before filing a motion for relief from stay" will be a way of combating the tsunami. It will force the parties with the actual economic interest in the note and residence to identify themselves to each. Importantly, it is way to combat this problem within the existing rules.

VII.     **CONCLUSION**

The Appellee Trustee requests the judges of the District Court to affirm the decisions of the Bankruptcy Court except for the cases of *Hawkins*, *Dart* and *Zeigler* which should be remanded with instructions to vacate the decisions because the decisions in these cases were moot when they were made. The Appellee Trustee seeks affirmation of the ruling that MERS, at least when its motion to lift stay is contested, does not have standing to bring the motion unless it can show (a) MERS is the current holder of the note (that is, MERS is in actual physical possession of the note which has been endorsed to it or endorsed in blank) or (b) MERS has authority to act from the current holder of the note.  Either approach must be supported by admissible evidence applying normal evidentiary rules. The Appellee Trustee seeks affirmation that MERS' identification on the original note as beneficiary but not lender is not, in itself, sufficient to prove MERS' standing when its standing is contested.

DATED:  August ___, 2009

LENARD E. SCHWARTZER
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada  89146
Telephone:  (702) 228-7590
*Chapter 7 Trustee*

LENARD E. SCHWARTZER, ESQ.
Nevada Bar No. 0399
SCHWARTZER & MCPHERSON LAW FIRM
2850 South Jones Boulevard, Suite 1
Las Vegas, Nevada  89146
Telephone:  (702) 228-7590
*Attorneys for William & Dawn Zeigler*