# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| In re:<br><br>JOSHUA SCOTT MITCHELL and<br>STEPHANIE JUDITH MITCHELL<br>a/k/a STEPHANIE JUDITH CABRAL.<br><br>Debtors.<br>_____<br><br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC.<br><br>Appellant,<br><br>vs.<br><br>JOSHUA SCOTT MITCHELL and<br>STEPHANIE JUDITH MITCHELL<br>a/k/a STEPHANIE JUDITH CABRAL.<br><br>Appellees.<br>_____ | Bankruptcy Case No. BK-S-07-16226-LBR<br><br>Appellate Ref. No.: 09-00018<br><br><br><br><br><br><br><br><br>Case No. 2:09-cv-0668-JCM-RJJ |

**ORDER**

Presently before the court is appellant Mortgage Electronic Registration Systems, Inc. 's (hereinafter "MERS")  28 U.S.C. § 158(a) appeal from the bankruptcy court's order (No. BK-S-07-16226-LBR, Doc. #99) denying MERS' motion for relief from automatic stay. Having considered the briefs, the record on appeal, and the parties' arguments at the consolidated hearing on November 10, 2009, the court affirms the bankruptcy court decision.

**I.     FACTS AND PROCEDURAL HISTORY**

On July 15, 2008, MERS filed its motion to lift stay in the underlying bankruptcy court case,

pursuant to Federal Rule of Bankruptcy Practice 4001.  MERS was seeking to conduct a non-judicial foreclosure sale of appellees/debtors Joshua and Stephanie Mitchell's real property, which secured a loan that was in default. (BK-S-07-16226-LBR, Doc. #30.)

MERS filed its motion to lift stay "Solely as Nominee for Plaza Home Mortgage, Inc., its successors and/or assigns." (*Id.*, Doc. #30 at 1:19–20.) The deed of trust attached to the motion identified "Plaza Home Mortgage Inc." as the lender and MERS as the beneficiary and nominee. (*Id.*, Doc. #30-2 at 1–2.) The motion, however, neither attached the note, nor any documentation demonstrating that Plaza Home Mortgage or any of its successors and/or assigns were the note's current payee or had authorized the foreclosure proceeding and motion to lift stay.  Additionally, no affidavit or other documentation supported the motion's assertions. Based on the foregoing, Bankruptcy Trustee Lenard E. Schwartzer (hereinafter "trustee") filed objections to MERS' motion to lift stay arguing that, under the Bankruptcy Rules,  MERS lacked standing as a real party in interest to file the motion. (*Id.*, Doc. #34).

On April 29, 2008, the bankruptcy court issued an order setting twenty-seven (27) cases, all cases involving MERS' motions to lift stays, for an *en banc*, joint hearing on June 9, 2008.  The bankruptcy court also ordered consolidated briefing for all cases to be filed in the instant case, as the "lead case." (*Id.*, #44 at 2.) In ten (10) of the cases now on appeal, including the instant case, MERS attempted to withdraw its motion to lift stay prior to the *en banc* hearing, but was procedurally unable to because the bankruptcy trustee objected. (*Id.*, #99 at 2-3, n.8.)

On August 19, 2008, the bankruptcy court held its final hearing. (*See id.*, #83.) At the hearing, MERS' counsel argued that MERS need not disclose the beneficial interest holder's identity to establish that MERS was, as an agent for the beneficial interest holder, a real party in interest. Further, a declaration by MERS Secretary William Hultman stated that "every one of these loans is registered to a MERS member[,]" thereby implying MERS had authority to act for an undisclosed beneficial owner.

On March 31, 2009, the bankruptcy court issued memorandum opinions and orders denying MERS' motion to lift stays in this, and two other cases.  The bankruptcy court held MERS lacked

standing because it was not a real party in interest as the bankruptcy rules require. Specifically, the court found that "[w]hile MERS may have standing to prosecute the motion in the name of its Member as nominee, there is no evidence that the named nominee is entitled to enforce the note or that MERS is the agent of the note's holder." The court further held that MERS' asserted interest as beneficiary under the contract terms did not confer standing because MERS lacked actual beneficial interest in the note and, therefore, was not a true beneficiary.

MERS now appeals, asserting the bankruptcy court erred as a matter of law when it determined that MERS was not a true beneficiary under the deeds of trust at issue in the eighteen (18) consolidated cases, where the express language of the deeds of trust provide that MERS is the beneficiary. The trustee continues to assert that MERS lacks standing because it is not a real party in interest.

**II.    STANDARD OF REVIEW**

This court has jurisdiction pursuant to 28 U.S.C. § 158(a) and reviews the bankruptcy court's findings under the same standard that the court of appeals would apply in reviewing a district court's findings in a civil matter. 28 U.S.C. § 158(c)(2). Therefore, the court reviews the bankruptcy court's factual findings under a clearly erroneous standard, and its conclusions of law de novo. *See In re Healthcentral.com*, 504 F.3d 775, 783 (9th Cir. 2007); *In re First Magnus Fin. Corp.*, 403 B.R. 659, 663 (D. Ariz. 2009).

**III.   ANALYSIS**

This appeal is one of many that have been filed with the various Nevada district judges from bankruptcy court holdings that MERS was not a real party in interest and accordingly lacked standing to move to lift the bankruptcy stay of 11 U.S.C. Section 362(d). The lower court held that MERS lacked standing because it was not a holder in due course of the promissory note underlying the deed of trust that it was seeking to foreclose and thus was not a real party in interest.

That rationale appears to conflict with numerous rulings by the district judges in Nevada dismissing unrelated, non-bankruptcy lawsuits brought by homeowners who seek to enjoin MERS from foreclosing on their homes. The district judges have dismissed the homeowners' complaints and ruled

3

that MERS is authorized by state statute to foreclose the deeds of trust that encumber these various properties. Nevertheless, this court will affirm the bankruptcy court, albeit on alternative grounds.

FRCP 17 requires that an action be prosecuted in the name of the real party in interest and then provides that certain parties, such as executors and trustees, may sue in their own names without joining the party for whose benefit the action is being prosecuted. One of the parties authorized to sue in its own name is one who is authorized to do so by statute. FedRCivP. 17(a)(1)(G). That category would appear to include MERS, as provided in prior rulings by the various district judges holding that MERS is a proper party under Nevada statutes to conduct a foreclosure sale. Courts from other jurisdictions have recognized that state law provides the basis for such a party to initiate foreclosure. *See In re Tainan*, 48 B.R. 250, 252 (E.D. Pa. 1985).

In order to obtain a lift of stay, however, an additional requirement is imposed by the Local Rules of Practice for Nevada. LR 4001(5) requires that a party seeking to lift the automatic bankruptcy stay must certify that it has attempted to confer with debtor or debtor's counsel and despite "sincere effort," the parties were unable to resolve the matter without court action.

This rule requires more than a pro forma conversation with debtor's counsel before filing a motion. Rather, the requirement envisions a true effort to negotiate the dispute before resorting to court action. Clearly, in order to have a meaningful negotiation, the secured creditor must be able to alter or compromise the debtor's obligation, for example by changing the payment amount, interest rate, or repayment schedule of the promissory note and deed of trust. In order to be able to compromise the obligation, the secured creditor must be the owner of that obligation or an agent of the owner with written authority to agree to alteration of the obligation.

Here, MERS was unable to produce either the promissory note underlying the debtor's obligation or written authority from the holder of that note. Accordingly, MERS could not comply with the requirements of LR 4001 in a meaningful way, and the bankruptcy court correctly held that MERS was not entitled to lift the automatic stay.

. . .

4

Accordingly, the order of the bankruptcy court that MERS lacked standing to move to lift the automatic stay is AFFIRMED.

Dated December 30, 2009.

_____
UNITED STATES DISTRICT JUDGE